IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TRAVIS MANNING**                                                                                          **PLAINTIFF**
**ADC #144583**

v.                                    No: 2:20-cv-00127 DPM-PSH

**ROOSEVELT G. BARDEN,** *et al.*                                               **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

#### INSTRUCTIONS

The following proposed Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this recommendation. By not objecting, you may waive the right to appeal questions of fact.

#### DISPOSITION

Plaintiff Travis Manning filed a complaint pursuant to 42 U.S.C. § 1983 on June 8, 2020 (Doc. No. 2). Before the Court is a Motion to Dismiss filed by defendants Roosevelt Barden and Sidney Larry (the "Defendants") (Doc. No. 87). The Defendants move to dismiss this case because Manning has failed to comply

with a court order compelling him to return an executed copy of a blank HIPAA medical release allowing them to access his medical records. *See* Doc. No. 86.

On June 10, 2022, the Defendants filed a motion to compel Manning to return an executed copy of a blank HIPAA medical release allowing them to access his medical records (Doc. No. 82). The Defendants attached to their motion a copy of the Defendants' First Set of Interrogatories and Requests for Production of Documents sent to Plaintiff Travis Manning on March 31, 2022 (Doc. No. 82-1); a copy of Manning's discovery responses (Doc. No. 82-2); and a copy of a good faith letter sent to Manning on May 4, 2022 (Doc. No. 82-3). Although he was notified of his opportunity to do so (*see* Doc. No. 84), Manning did not file a response to the Defendants' motion to compel.

On June 30, 2022, the Court granted the Defendants' motion to compel and ordered Manning to provide a copy of his executed medical release to the Defendants within 30 days (Doc. No. 86). Manning was informed that his failure to comply could result in sanctions, including dismissal of this case. *Id.* There is no indication that Manning did not receive a copy of this Order.

On August 15, 2022, the Defendants moved to dismiss this case as a sanction because Manning failed to comply with the Court's order compelling him to return an executed medical release (Doc. No. 87). Manning was notified of the opportunity to file a response to the motion to dismiss in a text order (Doc. No. 89), but the text

order was returned to the Court (Doc. No. 90). The Defendants then filed a notice explaining that Manning had begun to refuse his legal mail and had refused to accept the copy of the motion to dismiss mailed to him by their counsel (Doc. No. 91). Besides the text order notifying Manning of his opportunity to respond to the Defendants' motion to dismiss, no other mail has been returned to the Court.[1]

Rule 37(d) of the Federal Rules of Civil Procedure allows a district court to dismiss an action when a party fails to respond to discovery requests. *See also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (no motion to compel is required before dismissal under Rule 37(d)). Likewise, Rule 41(b) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action or any claim against it when the plaintiff fails to prosecute or comply with the Rules of Civil Procedure or a court order.

Manning's failure to respond to the Defendants' discovery requests is cause for the dismissal of this case, as is his failure to comply with the Court's order compelling such responses. As the plaintiff in this action, Manning is obligated to respond to appropriate discovery requests from the Defendants. Accordingly, the Court recommends that the Defendants' motion (Doc. No. 87) be granted, and this case be dismissed without prejudice.

---

[1] According to the Arkansas Division of Corrections' website, Manning is still incarcerated at his address of record, the East Arkansas Regional Unit. *See* https://apps.ark.org/inmate_info/search.php.

DATED this 18th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE